## McCormick, Appellant, *v.* Sener.

*Statute of limitations—Tenants in common—Contribution.*

Where two judgment creditors under an agreement with each other purchase real estate of their debtor at a sheriff's sale as equal tenants in common, and pay therefor largely by receipts on their judgments, and one pays more than the other, the statute of limitations begins to run against a right of contribution for the excess from the date of the delivery of the sheriff's deed.

Argued April 23, 1901.    Appeal, No. 289, Jan. T., 1900, by plaintiff, from order of C. P. Clearfield Co., Sept. T., 1897, No. 102, refusing to take off nonsuit in case of C. S. McCormick v. W. Z. Sener.    Before McCollum, C. J., Mitchell, Fell and Potter, JJ.    Affirmed.

Assumpsit for contribution.

At the trial it appeared that plaintiff and defendant owned judgments against J. H. Bierly. By agreement with each other they purchased Bierly's real estate at a sheriff's sale as equal tenants in common, and largely paid for the same by receipts on their judgments.    The sheriff's deed was delivered on June 8, 1889.    McCormick paid more than Sener, and on September 7, 1895, brought this action for contribution.    The court entered a compulsory nonsuit which it subsequently refused to take off, Gordon, P. J., filing the following opinion:

The statute of limitations commenced to run at the time the right of action accrued. Sener and McCormick agreed to act together in proceedings against Bierly, each having claims against him.    They bought this real estate at sheriff's sale, the deed being made to the two of them as tenants in common and vested an undivided half interest in each.    McCormick held judgments against Bierly, and they purchased as lien creditors under the act of 1846.    The sheriff's sale occurred May 6, 1889. On May 9, 1889, the court fixed May 10, 1889, as the time for reading the sheriff's return in open court.    The return was read, and no objections being made the deed was acknowledged June 8, 1889, and duly recorded.    The execution upon which the return was made is lost.    The sheriff testifies that appended

to it was a receipt by Mr. McCormick, as a lien creditor, for amount claimed upon his judgment. This is largely his opinion, he saying he has no specific recollection of the matter, but that it was his practice to procure such receipts as are required by the act. The plaintiff testifies that he gave no receipt to the sheriff until September 30, 1889. The question involved is whether plaintiff's right of action accrued on delivery of deed, June 8, or September 30, 1889. If the former, more than six years elapsed before suit was brought, and the claim would be cut out by the statute of limitations. In our opinion the right of action accrued on delivery of the deed. At that time defendant acquired his title, which was paid for in part by plaintiffs' judgments. The purchase was under the lien creditor's act and largely by these judgments. No objection was made to this and the acknowledgment of the deed extinguished the judgments to the extent used, and gave plaintiff the right to demand contribution from the defendant for what the judgments had purchased for him. The subsequent appointment of an auditor was not on account of the purchase as lien creditors. Had it been, the acknowledgment of the deed would have been deferred until the matter was disposed of. The auditor was appointed on the application of the sheriff on account of a dispute about the attorney's commissions on judgments held by another creditor. The right of action commenced at the time plaintiff's judgments were used, and extinguished in the acquisition of title by defendant. This was at the acknowledgment and delivery of the sheriff's deed, and not months afterwards when plaintiff receipted to the sheriff in pursuance of the distribution by the auditor. The defendant's motion is granted, and judgment of compulsory nonsuit entered against plaintiff.

*Error assigned* was refusal to take off nonsuit.

*J. B. McEnally*, with him *Daniel W. McCurdy*, for appellant.

*David L. Krebs*, with him *W. A. Hagerty* and *A. M. Liveright*, for appellee.

Per Curiam, June 4, 1901:

The learned judge who tried this case allowed the defend-

ant's motion for a compulsory nonsuit, and refused to take it off. The plaintiff assuming that there was error in the refusal to take off the nonsuit, entered an appeal to this court. The argument made on the appeal and the cases cited to support it failed to convince us of error in the conclusion arrived at by the learned court below. It plainly appeared on the trial of the case that the plaintiff's right of action accrued on delivery of the deed of June 8, 1889, and that the summons on which the service was made was issued seven years, eleven months and twenty-six days after the acknowledgment of the sheriff's deed. It seems to us that the plaintiff's claim was in any aspect of the case, barred by the statute of limitations, and that the allowance of the nonsuit and the refusal to take it off was properly entered.

Judgment affirmed.